THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KRYSTAL M. RAMOS-CRUZ,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**COMMONWEALTH OF PUERTO RICO, et al.,**<br><br>    **Defendants.** | **Civil No. 23-1449 (ADC)** |

**OPINION AND ORDER**

**I.    Introduction**

Pending before the Court is United States Magistrate Judge Héctor L. Ramos-Vega's Report and Recommendation ("R&R") issued on June 25, 2024, recommending the dismissal of several but not all claims included by plaintiff Krystal M. Ramos-Cruz ("plaintiff") in her amended complaint. **ECF No. 54**. Specifically, the defendant, the Commonwealth of Puerto Rico ("Commonwealth"), moved to dismiss Counts I, II, III, and V of the amended complaint, which raise "facial" and "as-applied" constitutional challenges to section 2.13 of the Puerto Rico Weapons Act of 2020, P.R. Laws Ann. t. 25, § 462*l*, under the Second, Fourth, and Fourteenth Amendments of the United States Constitution, as well as under Article II, § 10 of the Constitution of the Commonwealth of Puerto Rico. *See* Mot. to Dismiss, **ECF No. 35**. The Magistrate Judge recommends the Court grant the Commonwealth's motion as to Counts I and

V of the amended complaint, thereby rejecting the facial challenge to section 2.13 under the Second Amendment and the claim under Equal Protection Cause of the Fourteenth Amendment. However, the Magistrate Judge recommends denying the motion to dismiss as to Counts II and III, considering that plaintiff has made viable as-applied challenges to the statute under the Second and Fourth Amendments. He also recommends dismissing any request for monetary damages against the Commonwealth pursuant to its sovereign immunity under the Eleventh Amendment. *See* R&R, **ECF No. 54** at 14, 16-17.

On August 9, 2024, the Commonwealth filed objections to the Magistrate Judge's R&R. **ECF No. 61**. The Commonwealth's sole objection is that plaintiff's Count II as-applied challenge under the Second Amendment should be dismissed. *Id.*, at 2. Plaintiff filed no objections of its own but briefly responded to the Commonwealth's objections the same day they were filed. **ECF No. 62**.

For the reasons set forth below, after careful consideration, the Commonwealth's objections are **OVERRULED**, and the R&R is **ADOPTED**.

II. **Factual and Procedural Background**

The allegations in plaintiff's amended complaint are adequately summarized in the R&R and need not be repeated at length here. *See* R&R, **ECF No. 64** at 2-5. In sum, plaintiff claims that agents of the Puerto Rico Police Bureau ("PRPB") unconstitutionally seized two firearms, magazines, and ammunition from her home, as well as her firearms license, after she filed a domestic violence complaint against her husband. *See* **ECF No. 31** at 3-4, ¶¶ 11-17, 25. The PRPB

purportedly acted under section 2.13 of the Puerto Rico Weapons Act of 2020, P.R. Laws Ann. t. 25, § 462*l* ("PRWA"), which, among other things, allows PRPB agents to "temporarily seize the license, firearms, and/or ammunition of a citizen… in any… situation of grave risk or danger that warrants the seizure." *Id.*, at 4-5, ¶¶ 24, 27. Plaintiff alleges that she later withdrew the domestic violence complaint and asked for the return of her firearms and license but that the PRPB has so far refused. *Id.*, at 4, ¶¶ 20-23, and at 7, ¶ 36. In terms of relief, plaintiff asks the Court to, among other things, declare that "the practice of seizing and retaining lawfully obtained weapons licenses and weapons of individuals who have not been charged and convicted of a crime is unconstitutional either on its face and/or as applied to bar those individuals who are legally entitled to possess weapons." *Id.*, at 16.

The Commonwealth argued in its motion to dismiss that section 2.13 of PRWA does not run afoul of the Second Amendment. Relying on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the Commonwealth's posited that "[i]n light of the simultaneous enactment of the Fourth Amendment, seizing weapons by police authorities without a court warrant from gun owners in situations of danger or great risk is consistent with the nation's historical tradition of firearms regulation. . . ." **ECF No. 35** at 3; *see also id.*, at 9-14. Specifically, the Commonwealth relied on the Fourth Amendment's prohibition against "unreasonable searches and seizures," and its corollary allowance of *reasonable* searches and seizures, to argue that history and tradition allows for the reasonable seizure of firearms. *Id.*, at 11. The Commonwealth then further expounded on the exceptions permitting warrantless

searches and seizures to justify the discretion afforded to police officers by section 2.13 of PRWA. *Id.*, at 11-14.

Plaintiff opposed the Commonwealth's position by arguing that the "simultaneous enactment" theory is insufficient to meet the history and tradition test laid down in *Bruen*. **ECF No. 36** at 7-8. Plaintiff also cited to *Caniglia v. Strom*, 593 U.S. 194 (2021), to rebut the Commonwealth's resort to warrantless search and seizure exceptions, given that the Supreme Court there refused to extend the so-called "community caretaking exception" to warrantless searches and seizures in the home. *Id.*, at 5-7.

The Magistrate Judge issued his R&R on June 25, 2024. **ECF No. 35**. With respect to plaintiff's as-applied challenge to section 2.13 of PRWA under the Second Amendment, the Magistrate Judge found the Commonwealth's "simultaneous enactment" argument to be unsupported by authority and insufficient under *Bruen*, indicating: "[The Commonwealth has] fallen short of meeting [its] burden of identifying historical analogues… that allow the disarming of a law-abiding individual that sought protection as victim of a domestic violence incident." *Id.*, at 11. Specifically, the Magistrate Judge concluded that the argument that "the Fourth Amendment was enacted simultaneously with the Second Amendment does not provide the representative analogue needed to carry out [the] burden under *Bruen*; particularly in a case like the present one where… the amended complaint also alleges enough facts to establish a Fourth Amendment violation." *Id.*, at 12. Accordingly, the Magistrate Judge recommended

denying the motion to dismiss as to plaintiff's as-applied Second Amendment challenge. *Id.*, at 15.

Unhappy with this result, the Commonwealth lodged an objection to the R&R on August 9, 2024. **ECF No. 61**.[1] In sum, the Commonwealth claims that the Magistrate Judge ignored the legal support it included for its "simultaneous enactment" argument. *Id.*, at 2-4, ¶¶ 4-6. The Commonwealth also claims that the Magistrate Judge did not adequately consider "the specific set of circumstances alleged in this case" in deciding an as-applied constitutional challenge. *Id.*, at 4, ¶ 7.

The same day the Commonwealth filed its objection, plaintiff filed an "Informative Motion" addressing the Commonwealth's filing. **ECF No. 62**. There, plaintiff insists that the Commonwealth failed to carry out its burden under *Bruen* and suggests that the "simultaneous enactment" theory is an attempt to introduce an "interest balancing" element to the *Bruen* framework. *Id.*, at 3.

III.  **Standard of Review**

United States Magistrate Judges are granted authority to make proposed findings and recommendations on a motion to dismiss, while the ultimate resolution of the motion remains at the discretion of the presiding judge. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *accord* L. Civ. R. 72(a)(1). Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation. Fed.

---

[1] The Court granted the Commonwealth multiple extensions of time to file its objections. *See* **ECF Nos. 56, 58, 60**.

R. Civ. P. 72(b). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F. Supp. 2d 189, 191–92 (D.P.R. 2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera–García v. United States,* Civ. No. 06–1004 (PG), 2008 WL 3287236, at *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n,* 834 F.2d 419 (5th Cir. 1987)).

To the extent a party's objections are little more than general or conclusory, without specifying to which issues the party is objecting, or where the objections are repetitive of the arguments already made to the magistrate judge, a *de novo* review may be unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to … submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636(b)(1); *see also, Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodríguez v. Pfizer Pharma., Inc.,* 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of

the report and recommendation to which the party does not object. *See Hernández–Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125–26 (D.R.I. 2004)). The Court, however, "is not required to make separate findings of fact or issue an opinion setting forth its own reasoning." *United States v. Bach*, 388 F. App'x 2 (1st Cir. 2010) (citing *Jonco, LLC v. ALI, Inc.*, 157 F.3d 33, 35 (1st Cir. 1998).

## IV. Discussion

From the outset, the Court observes that the Commonwealth's sole objection amounts to little more than a rehash of arguments already considered and rejected by the Magistrate Judge. Objections to a Magistrate Judge's report and recommendation "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). In fact, where objections are repetitive of the arguments already made to the Magistrate Judge, *de novo* review may very well be unwarranted. *Rivera-García v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236 at *1 (D.P.R. Aug. 7, 2008) ("where a party's objections are simply a repetition of the arguments he made to the magistrate judge, a *de novo* review is unwarranted. Instead, the report and recommendation is reviewed by the district court for clear error."); *see also Monfort-Rodríguez v. Hernández*, 286 F. Supp. 2d 119, 121 (D.P.R. 2003) (disregarding a party's objections where it merely "disagree[d] with the Magistrate's factual findings but offer[ed] nothing to bolster their objections except their own interpretation of the evidence" and did not "offer any new substantive arguments in favor of their position.").

Nonetheless, erring on the side of caution, the Court has reviewed *de novo* the Magistrate Judge's decision to reject the Commonwealth's "simultaneous enactment" argument under *Bruen*, as modified by *United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889 (2024).[2]

The issue here is a matter of framing. On the one hand, plaintiff frames section 2.13 of PRWA as an infringement on the people's constitutional right "to keep and bear arms." U.S. Const. amend. II. The Commonwealth, for its part, frames the dispute as largely falling within the realm of plaintiff's Fourth Amendment right to be "secure in her person, house, papers, and effects against unreasonable searches and seizures." U.S. Const. amend IV. Both are partly correct, but also partly in the wrong.

The Second Amendment protects plaintiff's right to keep and bear firearms, that much is clear. But it is doubtful that it endows plaintiff with the right to keep and bear a specific or particular firearm. Challenges under that theory have been rejected even after *District of Columbia v. Heller*, 554 U.S. 570 (2008), where the Supreme Court first recognized an individual's right to keep and bear arms in the home for self-defence. *See, e.g., Sutterfield v. City of Milwaukee*, 751 F.3d 542 (7th Cir. 2014); *Walters v. Wolf*, 660 F.3d 30 (8th Cir. 2011); *Richer v. Parmelee*, 189 F. Supp. 3d 334 (D.R.I. 2016); *Tirado v. Cruz*, No. CIV. 10-2248 CVR, 2012 WL 525450 (D.P.R. Feb. 16, 2012). The reason is that the Second Amendment protects the right to keep and bear arms in

---

[2] The R&R was issued shortly after the Supreme Court published its opinion in *Rahimi*, which, at the very least, modified the *Bruen* test to clarify that "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Rahimi*, 602 U.S. at 681; *see also United States v. Astacio-Mieses*, No. CR 23-028 (ADC), 2024 WL 4304630, at *7 n.6 (D.P.R. Sept. 26, 2024) ("[T]he courts must now analogize to 'principles' rather than fixating on comparing the specific aspects of the statute.").

general, not the right to keep and bear a particular firearm. Accordingly, a governmental seizure of a specific firearm does not *ipso facto* run afoul of the Second Amendment. That seizure must be measured under the reasonableness standard of the Fourth Amendment. That is the gist of what the Commonwealth argues when it asks the Court to dismiss the Second Amendment challenge by interpreting the Second and Fourth Amendments harmoniously.

Nevertheless, section 2.13 of PRWA also allows the PRPB to seize a person's firearm license. P.R. Laws Ann. t. 25, § 462*l*. That, along with the seizure of her firearms, magazines, and ammunition, is what plaintiff alleges the PRPB did here. Plaintiff further alleges that "without the seized license[, she] may not buy another weapon while waiting on Defendants to return the illegally seized property." **ECF No. 31** at 6-7, ¶ 34, n.1. In 2020, a panel of the First Circuit noted that it remained an open question "whether the seizure of specific firearms from the home in pursuance of a legitimate police function infringes on [Second Amendment rights] when, as in this case, a gun owner has not been barred from keeping or acquiring other firearms." *Caniglia v. Strom*, 953 F.3d 112, 134 (1st Cir. 2020), *vacated and remanded*, 593 U.S. 194 (2021).[3] This suggests that the seizure of a specific firearm **and** a subsequent bar on "keeping or acquiring" additional firearms, together, may amount to an impermissible infringement of Second Amendment rights.

---

[3] In addition, this First Circuit opinion predates *Bruen*, so the Court is compelled to note that quoted sentence's use of the term "infringement" should not be understood to mean that any perceived "infringement" on the right to keep and bear arms is impermissible under the Second Amendment. Courts must now evaluate that question using the *Bruen-Rahimi* test.

To date, the Court is not aware of, and the parties have not provided, any case presenting or resolving the same or similar Second Amendment questions as those involved in *Caniglia*. The First Circuit's opinion there was vacated and remanded by the Supreme Court on Fourth Amendment grounds without discussing the Second Amendment issue. Here, to the extent that the seizure of plaintiff's license prevents her from keeping or acquiring firearms other than those that were seized, section 2.13 of PRWA could plausibly be subject to a colorable constitutional challenge under the Second Amendment. Moreover, the Commonwealth did not present briefing on whether its seizure of plaintiff's firearms license in the circumstances described in the amended complaint prevents her from obtaining a new license. Plaintiff's allegation that it does, therefore, warrants a reasonable inference in her favor and against dismissal.

While there is a colorable argument that the seizure of the specific firearms and ammunition here do not constitute a Second Amendment violation, the seizure of plaintiff's firearms license likely does. The Commonwealth's burden under the *Bruen-Rahimi* test is to justify the application of section 2.13 of PRWA to the seizure, and it may do so by pointing to analogous historical laws and regulations that sufficiently reflect the principles that the disarmament provision at issue here seeks to implement. But its "simultaneous enactment" argument is simply not enough to meet this standard at this stage.

## V.    Conclusion

Plaintiff's as-applied challenge to section 2.13 of PRWA survives dismissal. Consequently, the Commonwealth's objections to the R&R at **ECF No. 61** are **OVERRULED**,

and the R&R at **ECF No. 54** is **ADOPTED** for the reasons set forth above. Accordingly, the Commonwealth's motion to partially dismiss the amended complaint at **ECF No. 35** is **GRANTED IN PART**, **DENIED IN PART**. Counts I and V of the amended complaint, as well as all claims for monetary damages, are **DISMISSED WITH PREJUDICE**. The motion to dismiss is **DENIED** as to Counts II and III of the amended complaint.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 20th day of December, 2024.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**