```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
```

| KRYSTAL M. RAMOS CRUZ PLAINTIFF VS. COMMONWEALTH OF PUERTO RICO, et al DEFENDANTS | Civil Action No. 3:23-CV-01449 |
|---|---|

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE COURT:**

COMES NOW the Plaintiff, Krystal M. Ramos-Cruz, through the undersigned legal representation, and respectfully STATES and PRAYS as follows:

**I. Introduction**

Plaintiff, Krystal M. Ramos Cruz, submits this Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment. Defendant's opposition fails to demonstrate any genuine issue of material fact, and their arguments misapply constitutional jurisprudence. The Court should grant Plaintiff's motion because:

- There are no genuine disputes of material fact preventing summary judgment.
- Defendant's arguments against the Second and Fourth Amendment claims are legally insufficient.

- Defendant has failed to justify its lack of any regulated due process mechanism before or after the seizure of Plaintiff's property.

**II. Defendant's Claims of Disputed Material Facts Are Unsupported**

Defendant claims that there are material factual disputes that preclude summary judgment. However, their response to Plaintiff's Statement of Uncontested Material Facts reveals otherwise:

- Defendant admits that Plaintiff's firearms and weapons permit were seized without a warrant (See Docket No. 32, Answer to Amended Complaint #24).
- Defendant does not contest that no administrative or judicial process was available to Plaintiff to challenge the seizure (See Docket No. 32, Answer to Amended Complaint #32).
- Defendant fails to provide any specific regulation governing the return of Plaintiff's firearms (See Docket No. 32, Answer to Amended Complaint #34, #35).
    - Under Rule 56, summary judgment is appropriate when the nonmoving party fails to raise a genuine dispute as to any material fact. Defendant has not met this burden.

**III. Defendant's Failure to Provide Any Due Process Mechanism**

The warrantless seizure of Plaintiff's firearms, followed by an indefinite retention without an administrative or judicial remedy, is a violation of the Due Process Clause of the Fourteenth Amendment. The First Circuit has repeatedly held that due process protections are required before depriving an individual of property. See *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 886 (1st Cir. 2010) (holding that pre-deprivation hearings are essential when a government seizure affects significant property rights).

A. No Pre-Deprivation Hearing Was Provided

Defendant does not dispute that there was no pre-deprivation hearing. This omission alone violates due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which requires that individuals be afforded notice and an opportunity to be heard before being deprived of property.

B. No Meaningful Post-Deprivation Remedy Was Available

Defendant argues that Plaintiff could have requested a hearing, but they fail to cite any specific regulation or statute guaranteeing such a process (See Docket No. 32, Answer to Amended Complaint #34, #35). The Supreme Court has made clear that post-deprivation remedies must be prompt and meaningful (*Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)), and an unregulated, undefined, discretionary, or unclear process is not sufficient.

Defendant's argument that Plaintiff "failed" to request a hearing is unpersuasive because they don't have any regulation for such a proceeding. Hence, there is no hearing that is in compliance with the due process warranties to be held.

### IV. Violations of the Second and Fourth Amendments

A. Second Amendment Violation

Defendant argues that Article 2.13 of the Puerto Rico Weapons Act is justified under historical firearm regulations. However, under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), the government must demonstrate that its regulation is consistent with this Nation's historical tradition of firearm regulation. Defendant has not met this burden. There is no historical precedent for a law allowing the indefinite confiscation of firearms without due process.

Furthermore, the Second Amendment protects the right to keep and bear arms for self-defense. The government's actions in this case directly infringed upon this right by disarming a law-abiding victim of domestic violence without cause or a legal process for restoration.

B. Fourth Amendment Violation

The warrantless seizure of Plaintiff's firearms from her home was an unreasonable search and seizure under the Fourth Amendment. Defendant incorrectly relies on the emergency aid exception and

4

the community caretaking doctrine, both of which are inapplicable. The Supreme Court in *Caniglia v. Strom*, 593 U.S. 194 (2021), expressly held that the community caretaking doctrine does not justify warrantless searches and seizures in the home.

Here, Plaintiff was not in her home at the time of the seizure, and the police had no justification for entering the premises or confiscating her property without a warrant. Defendant has not demonstrated any exigent circumstances that would warrant such an intrusion.

**V. Defendant's Delay in Returning Plaintiff's Firearms is an Independent Constitutional Violation**

Even assuming, arguendo, that the initial seizure was lawful, the continued retention of Plaintiff's property without a hearing constitutes an independent due process violation. The Third Circuit in *Frein v. Pennsylvania State Police*, 47 F.4th 247 (3d Cir. 2022), held that excessive delays in returning lawfully owned firearms, without legal justification, violate the Constitution. Defendant has failed to provide any valid explanation for why Plaintiff's firearms were withheld for over a year without a clear procedure for their return.

**VI. Conclusion**

Defendant has failed to raise a genuine issue of material fact, and their legal arguments misinterpret constitutional principles. Plaintiff respectfully requests that this Court grant summary judgment because:

- Defendant has not rebutted the Second and Fourth Amendment violations.
- The lack of due process procedures confirms the unconstitutionality of the law as applied.
- Defendant has failed to justify the prolonged retention of Plaintiff's firearms.

Accordingly, Plaintiff asks this Honorable Court to grant summary judgment and:

1. Enter an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the practice of seizing and retaining lawfully obtained weapons of individuals without a warrant.

2. Declaratory relief that the practice of seizing and retaining lawfully obtained weapons licenses and weapons of individuals who have not been charged and convicted of a crime is unconstitutional either as applied and/or on its face to bar those individuals who are legally entitled to possess weapons;

3. Declaratory relief that the practice of requiring weapons owners who are not charged and convicted of a crime to engage in formal litigation in order to recover their seized property is unlawful and unconstitutional;

4. The cost of repair and/or replacement for any damage done to Plaintiff's weapons while in Defendants' possession;

5. Punitive damages in a sufficient amount to deter Defendants from further violating the rights of Plaintiff and other lawful weapon owners;

6. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

7. Any other relief as the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of February, 2025.

Respectfully submitted,
KRYSTAL M. RAMOS CRUZ

By her attorney,

/s/Osvaldo Sandoval-Báez
Osvaldo Sandoval-Báez  #225308
LEGITIMA DEFENSA PR
799 de Diego Ave.
Caparra Terrace
San Juan, PR 00921
(787)400-3317
sandovalbaez@yahoo.com
sandoval@legitimadefensapr.com

```
                        JPC LAW OFFICE
                   Jose M Prieto Carballo, Esq.
                   P.O. Box 363565
                   San Juan, P.R. 00936-3565
                   Tel (787) 607-2066 & Tel
                   (787) 607-2166
```
jpc@jpclawpr.com

By: /s/ Jose M Prieto Carballo